UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. OLA, et al.,<br><br>    Defendants. | 1:16-cv-00241-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 21.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Miguel G. Sifuentes ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 22, 2016. (ECF No. 1.) Plaintiff is not proceeding *in forma pauperis*.[1] The court screened the Complaint and issued an order on May 11, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 5.) After being granted multiple extensions of time, on April 26, 2017, Plaintiff filed the First Amended Complaint which is now before the court for screening. (ECF No. 21.)

---

[1] On February 25, 2016, Plaintiff paid the filing fee in full for this case. (Court Record.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at San Quentin State Prison. The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Dr. A. Ola, Dr. Fortune, Dr. Goller, Keisl (RN), C. Douglas, J. Howard (LVN), S. Cass, J. Padilla, C Hererd, B. Guam, M. Nadev (SRN II), Arola (RN), X. Cano (CCII), John Doe (Chief Medical

Officer), PVSP, CDCR, and unnamed John/Jane Doe Defendants (doctors and nurses) (collectively, "Defendants").

The gravamen of the First Amended Complaint is that Plaintiff presented to PVSP medical staff with a neck wound and a puncture wound to his abdomen, but Defendants failed to properly diagnose and treat the wound resulting in Plaintiff's transport to the emergency room at CRMC-Fresno[2]. There it was found that the puncture wound had penetrated the abdominal wall and Plaintiff was bleeding internally. Emergency surgery was performed to save his life. Post-surgery, back at PVSP, Plaintiff complained of new abdominal pains and blood in his stool, but was only offered ineffective pain medications. Weeks later Plaintiff was finally given a CT scan and MRI, without substantive follow-up.

Plaintiff's allegations follow. Beginning on May 29, 2014, Defendants violated Plaintiff's right to adequate health care. Numerous medical staff members denied him simple diagnosis and treatment despite documented knowledge of Plaintiff's serious medical needs because he had a life-threatening puncture wound to the abdomen.

At 11:45 a.m., Plaintiff was briefly examined at the B-yard infirmary and taken to TTA[3] for evaluation, but no significant diagnosis or treatment was given. Defendant Dr. Fortune was the doctor.

At 12:29 p.m., at PVSP's CTC[4] infirmary, defendant Dr. Ola chose to disregard the seriousness of Plaintiff's injury and ignored his severe pain providing no treatment beyond what was routine for lesser superficial injuries. Defendant Ola noted that "[d]istal end shows possible penetration of abdominal wall," but did not follow up with diagnostic tests for an abdominal puncture wound. (ECF No. 21 at 13 ¶1.) Before x-rays were taken defendant Ola determined that there was no head injury and only a superficial wound to the abdomen. Defendant Ola stitched the wound, ordered Tylenol and the medication Kerflex, and scheduled

---

[2] Community Regional Medical Center

[3] Triage and Treatment Area

[4] Correctional Treatment Center

3

Plaintiff for follow up on Monday, June 2, 2014. Plaintiff would have died by Monday due to blood loss.

Dr. Ola and Dr. Goller reviewed Plaintiff's abdominal x-rays and noted no damage. By 2:15 p.m., Dr. Ola knew that further tests were necessary and there was a grave risk of death based on Plaintiff's repeated complaints to him, and his staff, of extreme pain. No further diagnostic tests or treatment were ordered. There were ten different signatures on plaintiff's report, including C. Douglas, J. Howard LVN, S. Cass, J. Padilla, C. Hererd, B. Guam, M. Nadev SRN II, and some illegible signatures.

Plaintiff was placed in Administrative Segregation (Ad-Seg) at approximately 3:00 p.m. on May 29, 2014. He continued to complain and became incapacitated from pain and blood loss over a 55-hour period while he was in isolation without care. Plaintiff's condition deteriorated until he was obviously frail. Plaintiff later saw his own signature on a medical form, which he does not remember signing, and his signature was almost illegible. During this time Plaintiff could not sit or lie down in a way that alleviated the intolerable pain. He alleges that he almost bled to death.

On May 31, 2014, Plaintiff went to Ad-Seg medical. Plaintiff was taken to the hospital with serious symptoms such as rapid and shallow breathing, moist skin, anxiety, drop in blood pressure, heart rate fluctuations, and severe pain. The hospital noted that Plaintiff was minimally responsive at the prison. Once at CRMC on May 31, 2014, Plaintiff was in a coma for two days and contracted an abdominal infection during his thirteen-day hospital stay. He states that he was put through an unnecessary exploratory laparotomy on May 31, 2014.

Plaintiff was then taken to the PVSP infirmary until July 10, 2014, "where he began a months-long attempt at recovery despite Defendants' continued actions." (ECF No. 1, at 7.) Plaintiff contends that from May 29, 2014, through his July 10, 2014, release from the PVSP infirmary, nurses and custody staff ignored his post-op abdominal pains. Based on these facts, Plaintiff alleges an Eighth Amendment violation, as well as a state law claim for negligence.

Plaintiff requests monetary damages and injunctive relief.

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Preschooler v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of

proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

A. **Eighth Amendment Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." <u>Id.</u> Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional

deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that Defendants failed to provide him with adequate medical care because they did not properly diagnose or treat his abdominal puncture wound. Here, Plaintiff has established that he was suffering from a serious medical need as his abdomen was punctured and he suffered extreme pain. However, Plaintiff's facts do not cause the court to infer that any of the Defendants knew that Plaintiff was suffering from a life-threatening condition and yet proceeded to ignore a substantial risk of serious harm to Plaintiff's health. Plaintiff's factual allegations do not show that any of the Defendants had the requisite state of mind to constitute deliberate indifference. Plaintiff only makes conclusory allegations stating that Defendants deliberately ignored his pain and purposely failed to follow up with more diagnostic tests after an x-ray showed that no concerning damage was found. At most, Plaintiff states a claim for negligence or medical malpractice, which are not actionable under § 1983.

Under Plaintiff's factual allegations the court finds that Defendants were attentive to Plaintiff and addressed his medical conditions. X-rays were taken and Plaintiff was given pain medication. Plaintiff has not shown that the course of treatment chosen by medical personnel was medically unacceptable under the circumstances nor that they chose this course in conscious disregard of an excessive risk to Plaintiff's health. Accordingly, the court finds that Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants.

///

///

## B. State Law Claims

Plaintiff seeks to proceed with a negligence or medical malpractice claim against Defendants. Plaintiff is informed that violation of state tort law or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the court shall decline to exercise supplemental jurisdiction over Plaintiff's state law claims because in this case the court finds no cognizable federal claims in the First Amended Complaint upon which Plaintiff may proceed.

In addition, Plaintiff fails to show compliance with California's Government Claims Act (GCA), and therefore his state law claim is not cognizable under federal or state law. Plaintiff admits that he submitted a late claim to California's Victim Compensation and Government Claims Board (VCGCB), which denied his application for leave to present a late claim. (ECF No. 21 at 6.) The claims presentation requirement requires that a tort claim against a public entity or its employees be presented to the VCGCB no more than six months after the cause of action accrues.[5] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004). To state a claim, Plaintiff must allege compliance or circumstances excusing compliance. Bodde, 32 Cal.4 at 1245.

---

[5] In the First Amended Complaint, Plaintiff refers to Exhibits A-H in support of his request for relief from the claims presentation requirement. (ECF No. 21 at 6:22-23, 7:23, 8:5-6, 9:28, 10:13, 11 ¶2.) However the court finds no exhibits attached to the First Amended Complaint or otherwise submitted to the court.

///

Plaintiff requests this court to excuse him from the claims presentation requirement. A plaintiff who has failed to comply with the GCA's filing or late filing provisions may petition for judicial relief under section 946.6. To obtain such relief, a plaintiff may make a petition to the proper court for an order relieving the petitioner from Section 945.4. This court is not the proper court to hear Plaintiff's section 946.6 petition. Only state superior courts have been given the authority to grant relief pursuant to section 946.6(a). Therefore, Plaintiff's request for relief to be excused from the claims presentation requirement must be denied.

Based on the foregoing, the court finds that Plaintiff's state claims must be dismissed.

### C. Motion for Appointment of Counsel

Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings the court finds that Plaintiff is unlikely to succeed on the merits of this case because he fails to state any cognizable claims in the First Amended Complaint. Moreover, based on the record, the court finds that Plaintiff is able to adequately articulate his medical claims, which are not complex. Even if Plaintiff had made serious allegations which, if proved, would entitle him to relief, his case does not appear exceptional. Therefore, Plaintiff's motion for appointment of counsel must be denied.

///

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 15, 2018**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE