UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. OLA, et al.,<br><br>        Defendants. | No. 1:16-cv-00241-DAD-GSA<br><br>ORDER DECLINING IN PART TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 23) |

Plaintiff Miguel G. Sifuentes is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 15, 2018, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 23.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days from the date of service. (*Id.* at 10.) Plaintiff filed objections on April 2, 2018. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes the findings and recommendations are not supported by the record and declines to adopt them in part.

1

In his first amended complaint, plaintiff alleges as follows. On May 29, 2014, at approximately 11:45 a.m., plaintiff was examined by Dr. Fortune regarding a puncture wound to his abdomen. (Doc. No. 21 at 12.) Plaintiff contends that this examination was "cursory at best," and that "no significant diagnosis or treatment was given." (*Id.*) At 12:29 p.m. that same day, plaintiff was examined by Dr. Ola for this same injury. (*Id.*) Dr. Ola examined plaintiff, had an x-ray taken, and noted a "possible penetration of [plaintiff's] abdominal wall." (*Id.* at 13.) Plaintiff was provided with two sutures, and was prescribed Tylenol for his pain. (*Id.*) Dr. Ola scheduled plaintiff for a follow-up examination on June 2, 2014. (*Id.* at 13.) Plaintiff was placed in Administrative Segregation at approximately 3:00 p.m. that same day. (*Id.* at 8.) He remained there for approximately 55 hours, during which he was bed-ridden and suffered from excruciating pain and weakness due to internal bleeding. (*Id.* at 8–9.) On May 31, 2014, plaintiff was transported to UCSF-Fresno for treatment. (*Id.* at 9.) While hospitalized, plaintiff was in a coma for two days and suffered an abdominal infection. (*Id.*) He lost 2.5 liters of blood as a result of his internal bleeding, and remained at UCSF-Fresno for 13 days. Plaintiff was eventually discharged to the Pleasant Valley State Prison infirmary, where he remained until July 10, 2014. (*Id.* at 7.)

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Such a claim has two parts. First, the plaintiff must allege and ultimately demonstrate a serious medical need. *Id.* A medical need is serious "if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary or wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Examples of such serious medical needs include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059–60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990) and

*Hunt v. Dental Dep't*, 865 F.2d 198, 200–01 (9th Cir. 1989)). If a serious medical need is established, a plaintiff must then allege and demonstrate that the defendant's response to that serious medical need was deliberately indifferent. This prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059); *see also McGuckin*, 974 F.2d at 1062 (noting that a plaintiff may succeed on a deliberate indifference claim by demonstrating that the medical treatment he received was "woefully inadequate"). However, "a prison official acts with 'deliberate indifference . . . only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal brackets omitted). It is not enough for the prison official to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Instead, the prison official "must also draw the inference." *Id.*

Here, the allegations of plaintiff's complaint, if proven, are sufficient to demonstrate that plaintiff plainly suffered from a serious medical need. The puncture wound to his abdomen caused him severe pain and blood loss, eventually rendering him comatose for two days. The magistrate judge concluded that plaintiff failed to state a claim against any of the named defendants, for two reasons. First, the magistrate judge concluded that the facts as alleged "do not cause the court to infer that any of the Defendants knew that Plaintiff was suffering from a life-threatening condition and yet proceeded to ignore a substantial risk of serious harm to Plaintiff's health." (Doc. No. 23 at 7.) Second, the magistrate judge found that "Plaintiff has not shown that the course of treatment chosen by medical personnel was medically unacceptable under the circumstances nor that they chose this course in conscious disregard of an excessive risk to Plaintiff's health." (*Id.*) Each of these conclusions will be addressed in turn below.
/////

3

Regarding whether Dr. Ola possessed knowledge of plaintiff's condition and nonetheless ignored it, there is no factual allegation bearing directly on the Dr. Ola's state of mind. This is unsurprising—it is a rare defendant who openly admits to a culpable state of mind. For this reason, "whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015) (quoting *Farmer*, 511 U.S. at 826). The court finds such circumstantial allegations to be present in plaintiff's first amended complaint. For instance, plaintiff alleges defendant Ola's notes from his examination of plaintiff state that plaintiff's "distal end shows possible penetration of the abdominal wall." (Doc. No. 21 at 13.) If true, this allegation would establish that Dr. Ola was therefore on actual notice of plaintiff's injury. In addition, the allegation that Dr. Ola scheduled plaintiff for follow-up treatment provides further support for the conclusion that Dr. Ola was aware of the seriousness of plaintiff's condition. *See Jones v. Wong*, No. 2:15-cv-0734-TLN-AC, 2018 WL 2297056, at *4 (E.D. Cal. May 21, 2018) (noting that a defendant's "alleged offer to schedule additional treatment by a specialist is adequate to allow the court to infer that she believed plaintiff's symptoms presented a serious medical need"). This alleged awareness, when combined with the severe harm plaintiff ultimately suffered due to blood loss, provides a plausible basis to support a finding of deliberate indifference. *See Jett*, 439 F.3d at 1096 ("A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."); *see also McGuckin*, 974 F.2d at 1060 (9th Cir. 1992) ("The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because '[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'") (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1993)).

The magistrate judge also recommended dismissal of the first amended complaint because "Plaintiff has not shown that the course of treatment chosen by medical personnel was medically unacceptable under the circumstances nor that they chose this course in conscious disregard of an excessive risk to Plaintiff's health." (Doc. No. 23 at 7.) The undersigned disagrees. It is not

plaintiff's burden at this pleading stage of the proceedings to affirmatively show that the course of treatment was medically unacceptable. Instead, at this stage, plaintiff need only come forward with sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this *pro se* civil rights action, in which courts are instructed to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt," the undersigned concludes that dismissal would be inappropriate in light of plaintiff's allegations. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). As this case proceeds through discovery, it may be established that plaintiff being treated by receiving stitches and Tylenol was medically acceptable, or that such minimal treatment merely amounted to medical malpractice or a difference of medical opinion, neither of which provides an adequate basis for a § 1983 medical care claim. However, given the allegations of plaintiff's first amended complaint tending to show defendant Dr. Ola's apparent awareness of the seriousness of plaintiff's condition, as well as the allegations laying out the harm eventually suffered by plaintiff, the court finds that dismissal of the first amended complaint is not appropriate.

The findings and recommendations also recommended dismissal of plaintiff's state law claim based upon plaintiff's noncompliance with the California Government Claims Act, and recommended denial of plaintiff's request for court-appointed counsel. Plaintiff has not challenged either of these conclusions in his objections, and the undersigned concurs with and adopts these recommendations.

For these reasons,

1. The findings and recommendations issued March 15, 2018 (Doc. No. 23) are adopted in part;
2. Plaintiff's cause of action based upon California state law is dismissed without prejudice due to his failure to comply with the claim presentment requirements of the California Government Claims Act;

////

5

3. Plaintiff's request for court-appointed counsel is denied without prejudice; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **July 18, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE