UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. OLA, et al.,<br><br>        Defendants. | 1:16-cv-00241-DAD-GSA-PC<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER:**<br><br>**(1) FILE SECOND AMENDED COMPLAINT, OR**<br><br>**(2) NOTIFY COURT THAT HE IS WILLING TO PROCEED ONLY ON THE MEDICAL CLAIM FOUND COGNIZABLE BY THE COURT, AGAINST DEFENDANT DR. OLA, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS**<br><br>**THIRTY DAY DEADLINE** |

## I. BACKGROUND

Miguel G. Sifuentes ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 22, 2016. (ECF No. 1.) Plaintiff is not proceeding *in forma pauperis*.[1] The court screened the Complaint and issued an order on May 11, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 5.) On April 26, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 21.)

---

[1] On February 25, 2016, Plaintiff paid the filing fee in full for this case. (Court Record.)

1

On March 15, 2018, the court screened the First Amended Complaint and entered findings and recommendations, recommending that the First Amended Complaint be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. (ECF No. 23.) On July 18, 2018, the district judge issued an order adopting *in part* the findings and recommendations. (ECF No. 25.) The district judge found a cognizable medical claim in the First Amended Complaint against defendant Dr. Ola, denied Plaintiff's request for court-appointed counsel, and dismissed Plaintiff's state law claim without prejudice for failure to comply with the claim presentment requirements of the California Government Claims Act. The district judge's order referred this matter back to the undersigned for further proceedings consistent with that order.

## II. DISCUSSION

In light of the district judge's order of July 18, 2018, the court finds that Plaintiff states a cognizable medical claim under the Eighth Amendment against defendant Dr. Ola. With regard to Plaintiff's state law claims, which were dismissed without prejudice by the district judge, the court shall grant Plaintiff an opportunity to amend the complaint to show compliance with the California Government Claims Act. Plaintiff shall be granted leave to amend the complaint within thirty days. If Plaintiff chooses not to amend the complaint he is required to notify the court in writing that he does not wish to file a Second Amended Complaint, and is instead willing to proceed only on the Eighth Amendment medical claim against defendant Dr. Ola, which was found cognizable by the court, dismissing the State law claims and the defendants named in those claims. The following sets forth guidelines regarding State Law claims.

### A. State Law Claims

Plaintiff seeks to proceed with a negligence or medical malpractice claim against Defendants. Plaintiff is informed that violation of state tort law or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th

Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court has found a cognizable § 1983 claims in the First Amended Complaint against defendant Dr. Ola.

To state a cognizable state law claim, Plaintiff must show compliance with California's Government Claims Act (GCA). The claims presentation requirement requires that a tort claim against a public entity or its employees be presented to the Victims Compensation Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004). To state a claim, Plaintiff must allege compliance or circumstances excusing compliance. Bodde, 32 Cal.4 at 1245.

### B. Injunctive Relief

Besides monetary damages, Plaintiff requests injunctive relief. Plaintiff is currently housed at San Quentin State Prison, and the past events at issue in this action occurred when Plaintiff was incarcerated at Pleasant Valley State Prison. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve

any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

///

///

## V.　　CONCLUSION AND ORDER

The court finds that Plaintiff states a cognizable claim against defendant Dr. Ola for inadequate medical care in violation of the Eighth Amendment, but no other claims against any of the defendants upon which relief may be granted under § 1983. Plaintiff shall be required to either file an amended complaint under the guidance given above, or notify the court of his willingness to proceed only on the cognizable medical claim found by the court against defendant Dr. Ola, dismissing the State Law claims and the defendants named therein. Should Plaintiff choose to proceed only on the cognizable claim the court will begin the process to initiate service upon defendant Dr. Ola by the United States Marshal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, February 22, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey

4

v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The court finds that Plaintiff states only one cognizable claim in the First Amended Complaint, against defendant Dr. Ola for providing Plaintiff with inadequate medical care in violation of the Eighth Amendment;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    (1) File a Second Amended Complaint curing the deficiencies identified in this order, or
    (2) Notify the court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the Eighth Amendment medical claim found cognizable by the court, against defendant Dr. Ola, and dismissing all other claims and defendants from this action;
4. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00241-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to comply with the court's order.

IT IS SO ORDERED.

Dated: **July 22, 2018**          /s/ Gary S. Austin

UNITED STATES MAGISTRATE JUDGE