| | |
|---|---|
| 1 | ROB BONTA, State Bar No. 202668<br>Attorney General of California |
| 2 | CATHERINE WOODBRIDGE, State Bar No. 186186<br>Supervising Deputy Attorney General |
| 3 | CHERYL W. HSU, State Bar No. 217083<br>Deputy Attorney General |
| 4 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 5 | Sacramento, CA 94244-2550<br>Telephone: (916) 210-6514 |
| 6 | Fax: (916) 322-8288<br>E-mail: Cheryl.Hsu@doj.ca.gov |
| 7 | *Attorneys for Defendant Akinwumi Ola* |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **MIGUEL F. SIFUENTES,** | Case No.: 1:16-CV-00241 DAD GSA |
| Plaintiff, | **DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **AKINWUMI OLA,** | Judge: Honorable Gary S. Austin<br>Trial Date: Not set |
| Defendant. | Action Filed: April 26, 2017 |

Defendant Dr. Akinwumi Ola submits the following statement of undisputed facts and evidence in support of his motion for summary judgment:

1. Plaintiff Miguel F. Sifuentes has been incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") since 2003. (Hsu Decl. at ¶ 2 & Ex. A ("Plaintiff Depo.") at 9: 17-22.)

2. In 2003, Plaintiff was convicted of first degree murder and sentenced to serve 26 years to life. (Plaintiff Depo. at 9: 17-22.)

3. Plaintiff's arrest took place on December 11, 1998 for the robbery of an Outback Steakhouse Restaurant in Alameda County. (Plaintiff Depo. at 9:25-10:5.) The murder victim was an Alameda County deputy sheriff. (Plaintiff Depo. at 10:15-19.)

1

4. Plaintiff has not worked in the medical field before. (Plaintiff Depo. at 10:8-10.)

5. Plaintiff has had no formal medical training. (Plaintiff Depo. at 10:8-10.)

6. Defendant Dr. Akinwumi Ola is a Medical Doctor, licensed by the State of California as a Physician and Surgeon since April 27, 2011. (Declaration of Dr. Ola ("Def. Decl.") at ¶1.) He is, and was, at all times relevant to the allegations in this case, employed by CDCR as a Physician & Surgeon at the Pleasant Valley State Prison ("PVSP") in Coalinga, California. (Def. Decl. at ¶ 1.)

7. As a Physician and Surgeon for the CDCR, Dr. Ola's duties include providing medical care to inmate-patients at the PVSP Correctional Treatment Center ("CTC"). (Def. Decl. at ¶¶ 1, 3.)

8. PVSP is a California Department of Corrections and Rehabilitation correctional facility located at Coalinga, California. (Def. Decl. at ¶ 1.)

9. Plaintiff was housed at the PVSP beginning in 2011. (Plaintiff Depo. at 12:25-13:2.)

10. Plaintiff was transferred to the San Quentin State Prison on or about January 30, 2015 where he is still currently housed. (Plaintiff Depo. at 12:16-19.)

11. At all relevant times, Plaintiff was incarcerated and held at PVSP during the events giving rise to this action against Defendant (Plaintiff Depo. at 13:3-11.)

12. On or about May 29, 2014, at approximately 11:00 a.m., Plaintiff was attacked by other inmate(s) while he was out at B yard during yard time. (Plaintiff Depo. at 13:3-8, 12-15, 16-23.) Plaintiff was first escorted to the clinic on B yard. (Plaintiff Depo. at 15:12-19.) Then, he was escorted to the CTC where he was seen by Dr. Ola. (*Id.*)

13. Plaintiff had never seen Dr. Ola prior to May 29, 2014. (Plaintiff Depo. at 16:8-10.)

14. Once at the CTC, Plaintiff was treated by Dr. Ola who was the CDCR Physician and Surgeon who assessed, diagnosed, and rendered emergency medical services to Plaintiff. (Plaintiff Depo. at 23:23-24:1, Def. Decl. at ¶¶ 3-4.)

15. Dr. Ola checked Plaintiff's vitals and found them to be stable. Plaintiff complained to Dr. Ola that he had pains from his bruises and abdomen. (Plaintiff Depo. at 25:7-19, Def. Decl. at ¶ 7.)

16. During Dr. Ola's examination of Plaintiff, Plaintiff refused to provide details of what transpired to cause his injuries. (Def. Decl. at ¶ 5.) Plaintiff refused to discuss the nature of the assault, the number of inmates involved or whether any instruments were used during the attack. (*Id.*)

17. No weapon or any sharp objects found at the scene of the incident on the yard. (Def. Decl. at ¶ 6.)

18. Plaintiff presented with visible injuries to his face and abdomen. (Plaintiff Depo at 26:1-10; Def. Decl. at ¶ 8.)

19. Plaintiff had an abdominal wound measuring about 1 to 2 centimeters in length. (Def. Decl. at ¶ 9.) Plaintiff exhibited moderate tenderness around the wound area, and he had bowel sounds in all four (4) quadrants. (*Id.*)

20. Dr. Ola conducted a local wound exploration of Plaintiff's abdominal wound with a cotton swab in order to examine the fascia of the muscle protecting the abdomen. (Plaintiff Depo. at 29:16-19, Def. Decl. at ¶ 10.) No finding to suggest an abdominal penetration. (Def. Decl. at ¶ 10.) Dr. Ola closed Plaintiff's abdominal wound with two (2) sutures. (Plaintiff Depo. at 31:20-32:2, Def. Decl. at ¶ 10.)

21. Dr. Ola ordered X-rays to be taken of Plaintiff's face and abdomen. (Plaintiff Depo. at 29:8-15, Def. Decl. at ¶ 11.)

22. The radiology report stated no indication of any air under the diaphragm or foreign body in the abdomen which would indicate a breach of the abdominal cavity. (Def. Decl. at ¶ 11, Plaintiff's Complaint, ECF 1, p. 61.) The radiologist, Dr. D. Goller, concluded in the report that there was no perforation of the abdominal cavity, and no indication for exploratory laparotomy of Plaintiff. (*Id.*)

23. Plaintiff agrees that Dr. Ola did not have additional information different from what was contained in the radiology reports by Dr. D. Goller at the time Dr. Ola rendered medical treatment to him. (Plaintiff Depo. at 103:22-104:1.)

24. Dr. Ola did not observe symptoms of penetration of abdominal cavity requiring laparotomy such as hemodynamic instability, peritonitis, impalement, evisceration and presence

3

of frank blood or bleeding during his examination of Plaintiff on May 29, 2014. (Def. Decl. at ¶ 12, Plaintiff's Complaint, ECF 1, p. 56.)

25. Dr. Ola educated and told Plaintiff about the signs of infection and peritonitis, which would be a symptom of a penetrating injury that requires exploratory laparotomy. (Def. Decl. at ¶ 13.) Dr. Ola told Plaintiff to inform the clinical or custodial staff if he were to experience worsening pain or tenderness. (*Id.*)

26. Dr. Ola prescribed Plaintiff with an oral antibiotic Cephalexin and pain medications, Tylenol 3. (Plaintiff Depo. at 20:7-21, Def. Decl. at ¶ 13.)

27. Dr. Ola confirmed that Plaintiff would be placed in protective custody and in administrative segregation. (Plaintiff Depo. at 37:8-12, Def. Decl. at ¶ 14.) Dr. Ola issued a medical order for Plaintiff to have welfare checks daily for three (3) days, take follow-up X-ray(s). (Plaintiff Depo. at 35:6-19, Def. Decl. at ¶ 14.) Dr. Ola also scheduled an appointment for Plaintiff to be seen by his primary care physician on June 2, 2014. (Def. Decl. at ¶ 14.)

28. Plaintiff was at the CTC, after the inmate attack, for about three hours and 20 minutes. (Plaintiff Depo. at 33:5-17.)

29. While Plaintiff was housed in administrative segregation or protective custody after the incident on May 29, 2014, correctional officers did rounds about three times a day for feeding, medication pass, and count. (Plaintiff Depo. at 51:9-19.)

30. On May 31, 2014, at around 4:00 p.m., Plaintiff was transferred from his administrative segregation cell to the clinic. (Plaintiff Depo. at 40:18-42:6.)

31. Dr. Ola was the on-call CDCR Physician and Surgeon for PVSP CTC on Saturday May 31, 2014. (Def. Decl. at ¶ 15.) Dr. Ola received a telephone call from a CDCR nurse who explained Plaintiff's symptoms and presentation. (*Id.*) This is the first time since Dr. Ola had treated Plaintiff on May 29, 2014 that he was receiving an update regarding Plaintiff's medical condition. (*Id.*)

32. During the call, Dr. Ola immediately ordered that Plaintiff be transferred Code 2 by ambulance to an outside hospital for emergency medical treatment of his worsening condition. (Def. Decl. at ¶ 15.)

4

33. At around 5:30 p.m., Plaintiff was transported out of PVSP by ambulance to a local hospital. (Plaintiff Depo. at 44:5-20, Def. Decl. at ¶ 16.)

34. At around 7:30 p.m., on May 31, 2014, Plaintiff was admitted to the local hospital where Dr. Townsend performed emergency exploratory laparotomy to remove sections of Plaintiff's lower bowels and small intestines. (Plaintiff Depo. at 64:6-15, 69:1-16, 72:13-73:1, Def. Decl. at ¶ 16.) On June 9, 2014, a subsequent surgery was also performed upon Plaintiff's abdomen with no complications from the surgeries noted. (Plaintiff Depo at 70:3-8, 72:13-73:1, Def. Decl. at ¶ 16.)

35. At no time during Dr. Ola's treatment of Plaintiff's injuries did he seek to intentionally harm Plaintiff. (Plaintiff Depo. at 113:10-18, Def. Decl. at 17.)

36. Dr. Ola provided the proper care needed under the circumstances and with the knowledge that he had at the time when he provided emergency medical treatment to Plaintiff on May 29, 2014. (Def. Decl. at ¶ 17.)

37. Plaintiff believes that Dr. Ola is deliberately indifferent to his medical needs because he disagreed with Dr. Ola's treatment plan. (Plaintiff Depo. at 111:8-12, Plaintiff's Complaint, ECF 1, p. 56.)

38. There was nothing in Plaintiff's medical records demonstrating deliberate indifference on the part of Dr. Ola as claimed in the Complaint. In fact, Plaintiff received appropriate medical treatment from Dr. Ola that was at or above the standard of care under the circumstances as presented. (Def. Decl. at ¶¶ 12, 17.)

Dated: May 28, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Cheryl W. Hsu*

CHERYL W. HSU
Deputy Attorney General
*Attorneys for Defendant Akinwumi Ola*

SA2019104670
35139813.docx

# DECLARATION OF SERVICE BY U.S. MAIL

**Case Name:** *Miguel G. Sifuentes v. Dr. Ola, et al.*
**Case No.:** 1:16-cv-00241 DAD GSA

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **May 28, 2021**, I served the attached **DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Miguel G. Sifuentes - T-91230
San Quentin State Prison
San Quentin State Prison (SQ-2)
1 Main St., 3N75
San Quentin, CA  94974

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **May 28, 2021**, at Sacramento, California.

| D. Kulczyk | /s/ D. Kulczyk |
|---|---|
| Declarant | Signature |