ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
CHERYL W. HSU, State Bar No. 217083
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6514
 Fax: (916) 322-8288
 E-mail: Cheryl.Hsu@doj.ca.gov
*Attorneys for Defendant Akinwumi Ola*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| MIGUEL F. SIFUENTES,<br><br>    Plaintiff,<br><br>v.<br><br>AKINWUMI OLA,<br><br>    Defendant. | Case No.: 1:16-cv-00241 DAD GSA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF MIGUEL SIFUENTES' REQUEST FOR A 60-DAY EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF CHERYL W. HSU IN SUPPORT THEREOF**<br><br>Action Filed: April 26, 2017 |

### I. INTRODUCTION

On October 4, 2021, this Court entered an order directing Plaintiff Miguel F. Sifuentes ("Plaintiff") to file a notice on non-opposition or opposition to Defendant Akinwumi Ola's ("Defendant") motion of summary judgment within 30 days of this order. (ECF No. 58.) Plaintiff's opposition or statement of non-opposition was due on November 3, 2021. Plaintiff did not file a timely opposition or statement of non-opposition within the required time period set forth by this Court.

On November 12, 2021, Plaintiff filed a motion to request an extension of time of 60 days to file his opposition to defendant's motion. For the reasons stated below, because Plaintiff fails to establish good cause to warrant an extension of time, his request should be denied.

## II. LEGAL STANDARD & ARGUMENT

A court's order could be modified upon a showing of good cause. District courts have inherent power to exercise appropriate control over the discovery process and continue pretrial deadlines. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986) (continuing pretrial dates is within the trial judge's discretion). Rule 26(c) authorizes this Court to make any order that justice requires to protect a party or person from annoyance, undue burden, or expense. Fed. R. Civ. P. 1, 26(c).

Here, Plaintiff fails to establish good cause in his request for the following reasons. First, he fails to explain the delay in filing his opposition after Defendant filed his motion for summary judgment on May 28, 2021. From May 28, 2021 to November 3, 2021, Plaintiff exercised no reasonable efforts to prepare his opposition to Defendant's motion. Plaintiff describes in bullet points the various events (without citing to any dates) that supposedly impeded him from filing a response or opposition. This laundry list of mere happenstances does not establish good cause for an extension of time here because he fails to point to facts with specificity that had reasonably caused delay or created an actual inability to prepare his papers.

Second, in his request for an extension of time, Plaintiff once again cites to his re-sentencing matter as the reason that he is unable to prepare his opposition in a timely fashion. However, Plaintiff is represented by counsel in his re-sentencing matter. (Declaration of Cheryl W. Hsu ("Hsu Decl.") at ¶ 5.) Plaintiff has used this excuse before to obtain an extension of time in January this year. (ECF No. 52.) Here we are almost a year later, and Plaintiff's blanket assertion that his re-sentencing matter wherein he is represented by counsel is purportedly impeding him from preparing his opposition is without any merit.

Third, Plaintiff cites his Parole Board hearing as a reason that he was not able to prepare his opposition last month. He does not state or point to any facts to explain how his psychiatric evaluation by a state forensic psychologist or a "Comprehensive Risk Assessment" for a Parole

Board hearing impedes him from preparing his papers during the same time period. Notably, Plaintiff is not the one who is required to write a report for the hearing; the psychologist has that task. Again, Plaintiff cites to no material fact which purportedly caused delay which in turn warrants an extension of time. Additionally, Plaintiff alleges that he was under a lockdown from October 29, 2021 to November 3, 2021. The mere assertion of this information does not establish good cause to warrant another extension of time, provided that from May 2021 to October 2021 Plaintiff failed to exercise any due diligence in the prosecution of this case.

Lastly, Plaintiff points to his inability to prepare and file his papers timely in accordance with the Court's order because has was unable to retain an attorney to assist him. There is no legal authority supporting his request for more time in a situation like this when he has been acting as his own legal counsel, in *propria persona*, since the filing of this action in April 2017.

Moreover, Defendant will be prejudiced by further delay in adjudicating this matter because his counsel is currently engaged in the defense of several other matters, with several discovery deadlines and law and motion deadlines that coincide with Defendant's reply due date if an extension of time were be granted to Plaintiff to file his opposition or response. (Hsu Decl. at ¶ 6.)

### III. CONCLUSION

For all of the reasons explained above, this Court should deny Plaintiff's request for an extension of time to file an opposition to Defendant's motion for summary judgment.

Dated: November 16, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Cheryl W. Hsu*

CHERYL W. HSU
Deputy Attorney General
*Attorneys for Defendant Akinwumi Ola*

## DECLARATION OF CHERYL W. HSU

I, Cheryl W. Hsu, declare:

1. I am an attorney admitted to practice in California and before this Court. I am employed as a Deputy Attorney General with the California Attorney General's Office. I am the defense counsel for Defendant Akinwumi Ola, M.D. ("Defendant") in this case:

2. Defendant filed his motion for summary judgment on or about May 28, 2021.

3. The Court entered an order on October 4, 2021 directing Plaintiff Miguel F. Sifuentes ("Plaintiff") to file an opposition or statement of non-response within 30 days of this order.

4. Plaintiff's opposition or statement of non-response was due on November 3, 2021.

5. On or about November 1, 2021, Plaintiff's counsel in his resentencing matter, Tara M. Rangchi, of Keker, Van Nest & Peters LLP, e-mailed and telephoned me to request Defendant to agree to an extension of time for Plaintiff to file an opposition. I explained to her in an e-mail reply dated November 1, 2021 and also by telephone message that I do not have the authority to grant an extension because the deadline was set by the Court through a court order.

6. Defendant will be prejudiced by further delay in adjudicating this matter because I am currently engaged in the defense of several other matters necessitating heavy discovery and law and motion obligations in the next 60 to 90 days. Specifically, I was recently assigned a new matter scheduled for trial in less than 120 days in *John Sears v. California Highway Patrol, et al.* (USDC CD Case No. 2:21-cv-03165) which requires intensive discovery and pre-trial handling.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, in Carmichael, California.

Date: November 16, 2021                                         */s/ Cheryl W. Hsu*

SA2019104670

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Miguel G. Sifuentes v. Dr. Ola, et al.**
No.: **1:16-cv-00241 DAD GSA, United States District Court, Eastern District - Fresno**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **November 16, 2021**, I served the attached **DEFENDANT'S OPPOSITION TO PLAINTIFF MIGUEL SIFUENTES' REQUEST FOR A 60-DAY EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF CHERYL W. HSU IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Miguel G. Sifuentes, T-91230
San Quentin State Prison
San Quentin, CA 94974

Plaintiff in Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **November 16, 2021**, at Sacramento, California.

| Lois Buzbee-Osby | */s/ Lois Buzbee-Osby* |
|---|---|
| Declarant | Signature |

SA2019104670
35669452.docx