UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL F. SIFUENTES,<br><br>    Plaintiff,<br><br>    vs.<br><br>OLA, et al.,<br><br>    Defendants. | **1:16-cv-00241-DAD-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 60.)** |

### I. BACKGROUND

Miguel G. Sifuentes ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on April 26, 2017, against defendant Dr. Ola ("Defendant") for failure to provide adequate medical care, in violation of the Eighth Amendment. (ECF No. 21.)

On November 16, 2021, the court granted Plaintiff's motion for a 60-day extension of time to file a response to Defendant Ola's motion for summary judgment. (ECF No. 61.) On the same date, November 16, 2021, Defendant Ola filed an opposition to Plaintiff's motion for extension of time. (ECF No. 60.) The court construes Defendant's opposition as a motion for reconsideration of the court's order.

1

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Defendant Ola opposes the court's decision to grant Plaintiff a 60-day extension of time to file a response to Defendant's motion for summary judgment. Defendant Ola argues that Plaintiff did not file a timely opposition or statement of non-opposition within the required time

period set forth by the court. Defendant also argues that Plaintiff failed to establish good cause for the court to grant his motion for extension of time. Defendant's arguments have merit. However, at this stage of the proceedings, and without Plaintiff's response, the court finds that Defendant has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Defendant's motion shall be denied.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for reconsideration, filed on November 16, 2021, is DENIED.

IT IS SO ORDERED.

Dated:   **November 29, 2021**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE