UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. OLA, et al.,<br><br>    Defendants | 1:16-cv-0241-DAD-GSA (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>**ORDER GRANTING FINAL EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 63.)**<br><br>**THIRTY-DAY DEADLINE TO FILE OPPOSITION** |

**I.     BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on April 26, 2017 against defendant Dr. Ola ("Defendant") for failure to provide adequate medical care in violation of the Eighth Amendment. (ECF No. 21.)

On October 15, 2019, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of April 15, 2020, and a dispositive motions deadline of June 15, 2020. (ECF No. 43.) On February 19, 2021, after two

extensions of the deadlines, the court granted Plaintiff's motion to modify the scheduling order and extended the discovery deadline to March 29, 2021, and the dispositive motions deadline to May 28, 2021, for all parties. (ECF No. 53.) The deadlines have now expired.

On May 28, 2021, Defendant filed a motion for summary judgment. (ECF No. 54.) On November 12, 2021, Plaintiff requested a 60-day extension of time to file an opposition to the motion for summary judgment. (ECF No. 59.) On November 16, 2021, the court granted Plaintiff's request. (ECF No. 61.)

On January 21, 2022, Plaintiff filed another request for extension of time to file his opposition and also a request to reopen discovery to allow him to take Defendant Ola's deposition. (ECF No. 63.)

## II.     MOTION FOR EXTENSION OF TIME

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. Stoddart v. Express Services, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "The District court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Plaintiff requests an extension of time to file his opposition to Defendants' motion for summary judgment. To show his due diligence in filing his opposition, Plaintiff informs the court of his failed efforts to acquire an attorney and submits evidence of his partially completed opposition.

Defendants' motion for summary judgment was filed on May 28, 2021, more than eight months ago, and Plaintiff was required to file a response to the motion within twenty-one days after the motion was filed. On October 4, 2021, the court issued an order requiring Plaintiff to file his opposition or statement of non-opposition within thirty days. (ECF No. 58.) On

November 12, 2021, Plaintiff requested sixty more days, which the court granted. (ECF Nos. 59, 61.) Now Plaintiff requests thirty more days.

Plaintiff's delays do not show his diligence in meeting the court's deadlines. Nevertheless, as it appears that Plaintiff has prepared a significant part of his opposition the court finds good cause to grant Plaintiff **one final** thirty-day extension of time to complete and file his opposition. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

## II.   MOTION TO REOPEN DISCOVERY

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a motion for summary judgment, the court may allow time to obtain affidavits or declarations or to take discovery." F. R. Civ. P. 56(6).

Plaintiff contends that the reopening of discovery is warranted to take Defendant Dr. Ola's deposition because Dr. Ola "has not had to face cross examination or any questioning at all for his actions," and Plaintiff "had to answer question about HIS conduct in a deposition under oath." (ECF No. 63 at 4.)

Plaintiff has not shown good cause for the court to reopen discovery at this stage of the proceedings. Discovery in this case was opened on October 15, 2019 and closed on March 29, 2021, allowing Plaintiff more than fifteen months to conduct discovery, including the taking of Defendant's deposition. Plaintiff has not given any specified reason that more discovery is needed to present facts essential to justify his opposition to the pending motion for summary judgment. Therefore, Plaintiff's motion to reopen discovery shall be denied.

///

### III. CONCLUSION

1. Based on the foregoing, Plaintiff's motion for extension of time, filed on January 21, 2022, is granted;
2. Within thirty days from the date of service of this order, Plaintiff is granted **one final** extension of time in which to file his opposition to Defendant Ola's motion for summary judgment;
3. Plaintiff's motion to reopen discovery, filed on January 21, 2022, is denied; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **January 31, 2022**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE