UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>             Plaintiff,<br><br>   v.<br><br>DR. OLA, et al.,<br><br>            Defendants. | **1:16-cv-00241-DAD-GSA PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 64.)**<br><br>**OBJECTIONS, IF ANY, DUE IN TEN (10) DAYS** |

      On February 1, 2022, the court issued an order granting Plaintiff a final thirty-day extension of time in which to file an opposition or non-opposition to Defendant Ola's motion for summary judgment. (ECF No. 64.) On February 24, 2022, Plaintiff filed a motion for another extension of time, which the court denied. (ECF No. 65, 66.) It should be noted that Plaintiff has in the past requested and received multiple extensions of time to file documents, and he was warned that he would receive no further extensions after his most recent request; importantly, this case was filed back in 2016.

      Plaintiff's final thirty-day time period has now expired and he has not filed an opposition

or non-opposition to the motion for summary judgment.[1]  Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since February 22, 2016.  The Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an opposition to the motion for summary judgment that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources and avoiding prejudice to Defendant. Monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that more than nine months have passed since Defendant filed the motion for summary judgment, and Plaintiff has yet to file an opposition.

---

[1] On March 10, 2022, Plaintiff filed a motion for another "30-day extension of time or in the alternative, protective motion in opposition to defendant's motion to dismiss/ for summary judgment with a request to re-open discovery."   (ECF No. 67.)  However, Plaintiff's motion was not signed, and the court issued an order striking it from the record.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that:

1. This action be dismissed with prejudice, based on Plaintiff's failure to obey the Court's order issued on February 1, 2022; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2022**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE