UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. OLA, et al.,<br><br>    Defendants. | No. 1:16-cv-00241-ADA-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 54, 80.) |

  Plaintiff Miguel G. Sifuentes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On July 18, 2022, the findings and recommendations were entered, recommending that Defendant Dr. Akinwumi Ola's ("Defendant") motion for summary judgment, filed on May 28, 2021, be granted. (ECF No. 80.) On August 10, 2022, Plaintiff filed objections. (ECF No. 81.)

  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

///

///

1

In his objections, Plaintiff does not object to the Magistrate Judge's finding that Plaintiff had a "serious medical need" and Defendant had knowledge of Plaintiff's serious medical need.[1] (ECF No. 81 at 6.)  Plaintiff objects to the Magistrate Judge's finding that Defendant was not "deliberately indifferent" towards Plaintiff's serious medical need. (ECF No. 81 at 4.) The Court agrees with the Magistrate Judge that there are no genuine disputes about any material facts, so the Court finds that there is not enough evidence for Plaintiff to win at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The Court further agrees with the Magistrate Judge's findings that the Plaintiff had a serious medical condition; Defendant had notice of Plaintiff's serious medical condition; and Defendant did not act deliberately indifferent towards Plaintiff.

Plaintiff argues that the Magistrate Judge applied the incorrect standards with respect to motions for summary judgment and the specific claim at issue. (*See* ECF No. 81 at 5.) Plaintiff argues that the Magistrate Judge "cited standards which cannot apply here," referring to *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). (ECF No. 81 at 11.) Throughout his objections, Plaintiff argues that the Magistrate Judge "did not question" multiple pieces of evidence and asserts that "there is a disconnect and major contradiction" in the Magistrate Judge's own findings. (ECF No. 81 at 9.) The Court disagrees.

The Court holds that the Magistrate Judge applied the correct standard: "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin*, 662 F.2d at 1344. "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Porretti v. Dzurenda*, 11 F.4th 1039, 1047 (9th Cir. 2021). The Court agrees that "[e]ven viewing the evidence in the light most favorable to Plaintiff, Plaintiff has not proven that Dr. Ola treated him with deliberate indifference in violation of the Eighth Amendment." (ECF

---

[1] Plaintiff argues that the Magistrate Judge erroneously found Plaintiff's serious medical need as "not material." (ECF No. 81 at 2-3.) However, the Magistrate Judge found the facts surrounding Plaintiff's serious medical need as material. (*See* ECF No. 80 at 20.) The Magistrate Judge states, "[t]here is no dispute between the parties that Plaintiff had a serious medical need." (*Id.*) Plaintiff further argues that the "[M]agistrate omits and ignores, again, the most relevant piece of evidence . . . that defendant Ola's own notes and 'treatment plan' clearly reveal that he was [] aware of . . . Plaintiff's injuries . . . ." (ECF No. 81 at 8.) However, the findings and recommendations cite to Defendant's note and found Defendant was aware of Plaintiff's serious medical need. (ECF No. 80 at 22.)

No. 80 at 21); *see Matsushita Elec. Idus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff argues that the Magistrate Judge refused to consider Plaintiff's evidence because Plaintiff lacked medical expertise. (ECF No. 81 at 2.) Plaintiff further takes issue specifically with the Magistrate Judge's "Deliberate Indifference to Risk of Harm" section, arguing that the Magistrate Judge engaged in credibility determinations of the evidence. (*See* ECF Nos. 80 at 21-26, 81 at 4.) The Court disagrees.

According to the Federal Rules of Evidence 701, "if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is rationally based on the witness's perception . . . ." Fed. R. Evid. 701(a). Even if a question of credibility does arise, this alone cannot, or may not, preclude a summary judgment finding if the totality of the evidence leaves no genuine question of material fact. *See Outlaw v.* Newkirk, 259 F.3d 833, 841 (7th Cir. 2001). The Magistrate Judge still considered Plaintiff's evidence even though Plaintiff lacked the specialized knowledge to provide an expert opinion. (*See* ECF No. 80 at 23-24.) For example, the Magistrate Judge cited to Plaintiff's deposition where Plaintiff stated that he disagreed with Defendant's choice of treatment but did not have evidence that Defendant chose Plaintiff's treatment plan in conscious disregard of an excessive risk to Plaintiff's health. (*Id.*); *see Porretti*, 11 F.4th at 1047. As noted in the findings and recommendations, "Plaintiff's opinion that [Defendant] should have given him a different treatment is only a difference of opinion with his medical caregiver, which does not rise to the level of an Eighth Amendment violation." (*Id.*) Therefore, there is no genuine dispute of material fact with respect to the legal conclusion that Defendant did not act deliberately indifference towards Plaintiff.

Lastly, Plaintiff misrepresents that this Court has previously declined to adopt the Magistrate Judge's findings that there is no genuine dispute with respect to the material facts of this case. (ECF No. 81 at 3.) In fact, this Court has not previously declined such findings by the Magistrate Judge. (*See* ECF Nos. 25, 38, 74.) As the Court previously held, "[a]s this case proceeds through discovery, it may be established that plaintiff being treated by receiving stitches and Tylenol was medically acceptable, or that such minimal treatment merely amounted to medical malpractice or a difference of medical opinion, neither of which provides an adequate basis for a §

1983 medical care claim." (ECF No. 25 at 5.)  The deadline for the completion of discovery, March 29, 2021, has passed, and Defendant filed a motion for summary judgment, (ECF No. 54).  Based on the discovery materials, the Court finds that Defendant's choice of treatment for Plaintiff does not provide an adequate basis for a § 1983 medical care claim.

Accordingly,

1. The findings and recommendations issued by the Magistrate Judge on July 18, 2022, (ECF No. 80), are ADOPTED IN FULL;

2. Defendant's motion for summary judgment, filed on May 28, 2021, (ECF No. 54), is GRANTED;

3. The clerk is directed to enter judgment in favor of Defendant and close this case.

IT IS SO ORDERED.

Dated:   September 29, 2022

UNITED STATES DISTRICT JUDGE